UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ꞏꞏPG ꞏꞏ D.C.

JUN 16 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ANDRE MIMS

VS.   CASE NO. 97-08075-CR-KMM

UNITED STATES OF AMERICA
_____/

## MIMS' REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S REQUESTING MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(1)(A)(i) FOR COMPASSIONATE RELEASE

COMES NOW, ANDRE MIMS, herein after, the defendant or Mr. Mims, pro se and hereby replies to the government opposing Mr. Mims request for compassionate release. Mr. Mims would reply as follows:

The governments asserts that "given that the defendant was sentence before Dec. 21, 2018, section 403 does not apply."

The government however, fails to take into consideration the numerous case law, U.S. v. Urkevich, U.S. v. Wade; U.S. v. McPherson; U.S. v. Redd; U.S. v. Chan; U.S. v. Maumau, where all the defendant's granted relief were sentenced prior to the enactment of the First Step Act ("FSA"), as well as the basis of the case at bar, noting that because of the severe stacking rules in place at the time of 'Mr. Mims sentencing was 25 years longer that the sentence he would have likely received, 168 months, if he were sentenced under the law as it exist today.

The FSA amended 924(c) such that the enhanced mandatory minimum penalty for s second or any subsequent 924(c) conviction, here 20 years at the time of Mims sentencing, applies only when the offenders first conviction under 924(c) was "final" when the subsequent violation was committed. (FSA codified at 924(c). As a practical matter, an offender now faces a mandatory five years consecutive for a second or subsequent 924(c) conviction when multiple 924(c) offense are charged in the same indictment without a previous final conviction. However, the FSA did not make this change retroactive; and the amendment does not automatically reduce the sentence imposed on defendant's like Mr. Mims, who was sentenced before Dec. 18, 2018, The FSA effective date. Rather, the FSA increased the opportunity for defendant's to obtain a reduction in their sentence based on an individualized consideration under designated criteria. See U.S. Redd 202,U.S. Dist Lexis 45977, in order to be eligible for relief. Moreover, the fact that Congress chose to foreclose one avenue for relief does not mean it chose to foreclose all means of redressing draconian sentences impose under 924(c). Nothing about Congress' decision to pass prospective-only changes to 924(c) prevent this Court from resentencing Mims under the Compassionate Release statute on the basis of an individualized extraordinary and compelling reason.

The government claims that "Pertinent statutes directs that "extraordinary and compelling circumstances" allowing compassionate release are defined by the sentencing commission". The government is of the opinion that section 3582(c)(1)(A)(i) authorizes what section 403 of the FSA did not. After a careful look at the statute on compassionate release the government's argument hit a wall.

    The government correctly points out that in section 603(b) of the FSA that Congress added the passage that permits a defendant, after a denial of a request to BOP that it sponsor a request for compassionate release, but wrongly argues that "in so providing, Congress did not alter the substantive criteria governing motions for compassionate release, which remain subject to binding guidance of the Sentencing Commission. The government's dependence of BOP in these policy statement is a relic of the prior procedure that is now inconsistent with the FSA's amendment of 3582(c)(1)(A). Application note (D) can no longer limit the judicial authority to cases with an initial determination by the BOP Director that a defendant case presents extraordinary and compelling reason for a reduction because the FSA as expressed allows courts to consider and grant sentence reductions even in the face of an adverse or unresolved BOP determination concerning whether a defendants case is extraordinary and compelling See 18 U.S.C. 3582(c)(1)(A), as amended by P.L. 115-391 sec. 503 (Dec 21, 2018). The commission now-dated statement indicating that the BOP must file a motion in order for a Court to consider a compassionate release reduction no longer controls in the face of the new statutory text enacted explicitly to allow a court to consider a reduction even in the absence of a BOP motion Id. Consequently, those sections of the application notes requiring a BOP determination or motion are not binding on the court. See Stinson v. United States, 508 U.S. 36,38 (1993)("We decided that commentary in the Guidelines Manuel that interprets or explains a guideline is authoritive unless it violates the Constitution or a federal statute or is inconsistent with, or plainly erroneous reading of that guideline"). Put differently, now that the FSA has recast the procedural requirements for a sentence reduction, even if the court finds there exist an extraordinary and compelling reason for a sentence reduction without the BOP'S determination, then the sentence is not inconsistent "with the applicable policy statements issued by the Sentencing Commission>" 18 U.S.C. 3582(c)(1)(A). The government should be aware of the recent changes under the FSA. See U.S. v. Cantu 2019 U.S. Dist Lexis 100923 (S.D. tex June 17, 2019); U.S. Young 2020 u.S. Dist Leis 37395 at 6 (M.D. Tenn Mar 4, 2020)(the government also concedes that because the sentencing Commission's Policy statements has not been amended to reflect that, under the FSA, a defendant may now move for Compassionate release after exhausting administrative remedies, the existing policy statement, while providing guidance is not ultimately conclusive given the statutory change."). Thus the statutory text defining judicial sentence reductions authority around "extraodinary and compelling reasons" and the policy statement of the US sentencing commission under 1B1.13 do not preclude this court from resentencing Mr. Mims.

    The government has conceded that Mr. Mims has exhausted his administrative remedies and that his motion for compassionate release is ripe for review.

    The government again incorrectly asserts that "the applicable policy statement provides no basis for a sentence reduction based on concern regarding the length of a previously imposed sentence. See USSG 1B1.13, 3582 (c)(1)(A). This claim is easily disputed.

Section 3582 (c)(1)(A) authorizes the modification of a sentence imprisonment if extraordinary and compelling reasons "and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" as set out in USSG 1B1.13. In the case at bar this court can find U.S. v. Urkevich instructive. The Urkevich Court held that "a reduction in sentence is warranted by extraordinary and compelling reason, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crime committed; Also see U.S. v. Wade in that case the defendant was sentenced to 392 months (32.6 years) and the court held that there were extraordinary and compelling reason based on the impermissible stacking of the 924(c) offenses and reduced the defendant's sentence to time served. Mr. Mims request that this Court makes the same findings where his 34 year sentence is 25 years beyond what the court now deems warranted for his crime.

The government asserts that Mr.Mims has not carried his burden of showing extraordinary and compelling reasons for early release consistent with applicable policy statement as required by 3582(c)(1)(A)(i). Despite the government's argument to the contrary Mr. Mims ask this court to recognize the extraordinary degree of rehabilitation he has established in his 23 years of incarceration (See attached ex. in Mims' motion for compassionate release).

As previously mentioned in Mims' motion for compassionate release he does not present a danger to the community as provided by 3142(g); 1B1.13(2). The facts of those detail were clearly laid out in Mims' motion (see Dkt entry 406).

The remaining factors set out in 3353(a), also clearly expressed in Mims' previously filed motion comports with the necessary factor in the statute. Id.

Accordingly Mr. Mims request that his motion for compassionate release be granted and the court modify the terms of imprisonment on Counts 2 and 4 top time served, with all other terms of the sentence as originally imposed on October 30, 2002 to remain the same.

Signed and Dated June 3, 2020.

Respectfully Submitted,

Andre Mims 40565-054

Mrs. H Harding
125-30 Sutphin Blvd Apt B/08
Jamica, NY 11434

NEW YORK NY 10×
10 JUN 2020 PM 9

United States District Court
United States Clerk of the Court
400 N. Miami Ave
Miami, FL 33128

USMS INSPECTED

33128-771899