**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:97-cr-08075-KMM-1

UNITED STATES OF AMERICA,

v.

ANDRE MIMS,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Andre Mim's (1) ("Defendant") Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release. ("Mot.") (ECF No. 406). Therein, Defendant requests that the Court order his release from prison due extraordinary and compelling reasons. *See generally id.* The Government filed a response in opposition. ("Resp.") (ECF No. 409). Defendant filed a reply, ("Reply") (ECF No. 414), and a supplemental reply ("Supp. Reply") (ECF No. 413). Lastly, on May 25, 2021, the Government filed a Notice of Supplemental Authority. ("Not. of Supp. Authority") (ECF No. 414). The Motion is now ripe for review.[1]

---

[1] On June 9, 2020, Defendant filed a Motion to Appoint Counsel ("Mot. to Appoint Counsel") (ECF No. 411). Therein, Defendant requested that the Court appoint counsel to assist him with his request for compassionate release. *Id.* at 1–2. The Eleventh Circuit has consistently held that there is no federal constitutional right to counsel in postconviction proceedings. *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (quoting *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006)). The Eleventh Circuit has also held that the statutory right to counsel for an indigent party pursuant to 18 U.S.C. § 3006A(c) only provides for counsel during the original proceeding and not for challenges to the defendant's sentence. *Id.* at 795. Here, therefore, Defendant does not have a constitutional or statutory right to counsel. Accordingly, UPON CONSIDERATION of the Motions, pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Appoint Counsel (ECF No. 411) is DENIED.

**I.    BACKGROUND**

On December 23, 1999, a jury found Defendant guilty of: **(1)** Hobbs Act robbery, in violation of 18 U.S.C. §1951(b)(1) ("Count I"), **(2)** using and carrying firearms during and in relation to a felony crime of violence, the Count I offense, in violation of 18 U.S.C. § 924(c) ("Count II"), **(3)** possessing firearms, relating to the Count I offense, having been previously convicted of a felony, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) ("Count III"); **(4)** attempted Hobbs Act robbery, in violation of 18 U.S.C. §1951 ("Count IV"), **(5)** using and carrying firearms during and in relation to a felony crime of violence, the Count IV offense, in violation of 18 U.S.C. § 924(c) ("Count V"), and **(6)** possessing firearms, relating to the Count IV offense, having been previously convicted of a felony, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) ("Count IV"). (ECF Nos. 132, 174). On October 30, 2002, following years of post-trial proceedings, Defendant was sentenced to imprisonment for concurrent terms of 110 months as to Counts I, III, IV and VI; to run consecutively with 60 months as to Count II and consecutively with 240 months as to Count V—thus resulting in a total of 410 months imprisonment, to be followed by a three (3) year term of supervised release. (ECF No. 362).

Now, Defendant moves the Court to reduce his sentence because the penalty provisions under 18 U.S.C. § 924(c) have been reduced in circumstances where a defendant has not committed a previous violation of § 924(c) in the past. Mot. at 2–3. Defendant contends that the disparity between his sentence and what his sentence would be under 18 U.S.C. § 924(c) as amended constitutes an extraordinary and compelling reason for his release. *Id*. at 4. Additionally, Defendant also cites evidence of his rehabilitation in prison as a factor that should weigh in favor of his release. *Id*. at 5–6.

## II.     LEGAL STANDARDS

Generally, once a term of imprisonment has been imposed, a court may not modify it. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, a defendant may move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). "[T]he defendant bears the burden of establishing that compassionate release is warranted." *United States v. Rodriquez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (citation and internal quotation marks omitted).

A court may grant a motion for compassionate release upon a finding that there are extraordinary and compelling reasons for release that are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." *See id* (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable policy statement issued by the Sentencing Commission is found in U.S.S.G. § 1B1.13 and provides that a court may reduce a term of imprisonment if "(1) extraordinary and compelling reasons warrant the reduction"; "(2) the defendant is not a danger to the safety of any other person or to the community"; and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes to § 1B1.13 define the phrase "extraordinary and compelling reasons" as follows:

> (1) **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant.**—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—

3

>>> (I) suffering from a serious physical or medical condition,
>>> 
>>> (II) suffering from a serious functional or cognitive impairment, or
>>> 
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>> 
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> 
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> 
> (C) **Family Circumstances.**—
>> 
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>> 
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> 
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Section 3582(c)(1)(A) also requires a court "to consider the factors set forth in [§] 3553(a) to the extent they are applicable." *Rodriquez-Orejuela*, 457 F. Supp. 3d at 1282. The applicable § 3553(a) factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." § 3553(a).

### III. DISCUSSION

The basis for Defendant's contention that extraordinary and compelling reasons warrant his release under § 3582(c)(1)(A) is that he would have received a less severe penalty under 18 U.S.C. § 924(c) today than at the time he was originally sentenced. *See generally* Mot.

At the time of the Government's initial response, the Government did not have the benefit of the Eleventh Circuit's opinion in *United States v. Bryant,* 996 F.3d 1243, 1247–48 (11th Cir. 2021). However, now, the Government has filed a Notice of Supplemental Authority which argues that under *Bryant*, "district courts cannot reduce a defendant's sentence pursuant to §3582(c)(1)(A) unless a reduction would be consistent with the policy statement located at § 1B1.1" Not. of Supp. Authority at 2 (citing *Bryant*, 996 F.3d at 1243, 1247–48).

In *Bryant*, the Eleventh Circuit concluded that § 1B1.13 is an applicable policy statement under Section 3582(c)(1)(A) for the purposes of defining "extraordinary and compelling reasons." 996 F.3d at 1248. As discussed above, Application Note 1 to § 1B1.13 creates four categories for circumstances in which "extraordinary and compelling reasons" exist: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons. U.S.S.G. § 1B1.13, Application Note 1.

Under Application Note 1(D), circumstances that may qualify as "other reasons" must be "determined by the Director of the Bureau of Prisons[.]" U.S.S.G. § 1B1.13, Application Note 1(D). In *Bryant*, the Eleventh Circuit expressly held that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." 996 F.3d at 1248. Thus, with respect to defendant-filed motions under § 3582(c)(1)(A), defendants are not able to seek relief under Application Note 1(D) for "other reasons" and are

5

limited to the first three categories for medical condition, age, and family circumstances. *See id.* at 1263–64.

Here, Defendant has alleged that an extraordinary and compelling reason for his release exists based on the disparity between penalties under 18 U.S.C. § 924(c) today in comparison to the time of Defendant's sentencing. *See generally* Mot. The only category under Application Note 1 in which Defendant's arguments for his release could fit is Application Note 1(D) for "other reasons." However, as set forth in *Bryant*, only the BOP can file a motion that relies on Application Note 1(D). *See Bryant*, 996 F.3d at 1264 ("The BOP may still file motions, and Application Note 1(D) can apply to those motions."). Thus, Defendant has failed to allege the existence of an extraordinary and compelling reason that is consistent with the applicable policy statements issued by the United States Sentencing Commission.[2]

For the reasons discussed above, the Court finds that Defendant has failed to satisfy his burden to demonstrate extraordinary and compelling circumstances warranting release. *See* U.S.S.G. § 1B1.13, Application Note 1; *see also United States v. White*, No. 695CR179ORL22DCI, 2021 WL 2784325, at *3 (M.D. Fla. July 2, 2021) (citing *Bryant*, 996 F.3d at 1265 ("Because Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence."); *United States v. Griffin*, No. 20-12215, —— F. App'x ——, 2021 WL 2179331 (11th Cir. May 28, 2021) (citing *Bryant*, 996 F.3d 1243) (finding that the defendant's argument "[that] anything can be considered as extraordinary and compelling reasons to justify a sentence

---

[2] To the extent that Defendant seeks to argue that evidence of his rehabilitation constitutes an extraordinary and compelling reason for release, the Court notes that this too is inconsistent with the applicable policy statements issued by the United States Sentencing Commission. *See Bryant*, 996 F.3d at 1264.

reduction[,] . . . is foreclosed by [Eleventh Circuit] precedent." (internal quotation marks omitted))).

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release (ECF No. 406) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *10th* day of August, 2021.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record